**TAGO LOE, MAUGA S. P., and TEO, all of Pago Pago, Plaintiffs**

v.

**SAMI & FAAFEU MAUGA of Pago Pago, Defendants**

## No. 33-1947

## High Court of American Samoa

Civil Jurisdiction, Trial Division

[Land: "Vaipito" in Pago Pago]

## September 23, 1947

A. A. MORROW, *Chief Justice;* PULETU, *District Judge;* and MULI, *District Judge.*

DECISION

Heard at Fagatogo, September 3 and 4, 1947.
Tago Loe for himself; Fesagaiga for Mauga S. P.; Soliai for Teo; Solosolo for Sami and Faafeu.

MORROW, *Chief Justice.*

Sami Mauga and Faafeu Mauga offered the land Vaipito in the village of Pago Pago for registration, filing a survey of such land with the Registrar of Titles. Tago Loe, Mauga S. P. and Teo each filed an objection to such proposed registration. Mauga S. P. claimed the land as communal property of the Mauga family and Teo claimed it as the communal land of the Teo family. Whether Tago Loe claimed it as his individually owned property or as communal land of his family is not clear. At the hearing however, Tago Loe claimed to own only that portion of the tract where he now has his European house and plantations.

We shall first take up the question of Teo's title. Soliai, Teo's principal witness, testified that in 1904 Mauga Moimoi asked and received permission from Sitae, the mother of Soliai, to make use of Vaipito. Soliai says he heard the conversation 43 years ago. He was 18 years old then.

It was clear from the evidence that Vaipito has been occupied and used by various members of the Mauga family ever since 1906, if not before. Soliai testified that Mauga people have been on the land since 1904. Teo Falepopo, who has held the Teo title since 1906, was asked by Soliai on three different occasions to file an objection to the proposed registration but refused or failed to do so. Finally Soliai, not succeeding in getting Teo to do it, filed the ob-

jection himself in the name of Teo on the last day for filing objections.

The following is an excerpt from Teo's testimony at the hearing:

"Q. When did you become the holder of the Teo title?
A. 1906.
Q. Were the Mauga people at that time cultivating the land Vaipito, that is the part that is surveyed?
A. Yes.
Q. Have they been cultivating it ever since?
A. Yes.
Q. Does Mauga render service to you?
A. No.
Q. He does not give you anything for the use of this land?
A. No.
Q. Never has?
A. No.
Q. Did Mauga Moimoi?
A. No.
Q. Do you go up to the land and get food whenever you want to?
A. I ask Mauga first.
Q. Have you always asked Mauga before you went up to the land to get food?
A. Yes about the crops of the land.
Q. You did not go on the land to get anything without asking Mauga?
A. Never."

It is quite clear from Teo's own testimony that through the years he has regarded Vaipito as Mauga property and not Teo family land. The Mauga people never rendered any service to the Teo for the use of the land and the Teo people always asked permission of Mauga to go on it and get food. Such conduct is not consistent with Mauga people being on the land for more than 40 years through permission from Sitae.

■ The evidence shows that Mauga Moimoi, who Soliai says procured the permission from Sitae, claimed Vaipito as his own. He willed it on a number of occasions. Also he

used the land as his own and made declarations to various persons over the years after 1906 and prior to his death in 1935 that the land was his. Sami and Faafeu claim that Mauga Moimoi orally gave them the land in November, 1926. They and members of their families have had plantations on it ever since. Their occupation has been open, notorious, exclusive, actual and visible under a claim of ownership. The evidence shows that from at least as early as 1906 Mauga Moimoi occupied it under similar circumstances claiming it as his own. Such possession by Mauga Moimoi and following him by Sami and Faafeu was adverse to Teo if it ever was Teo property. See 2 Corpus Juris 50; II Tiffany on Real Property (2nd ed.) Secs. 500–504; *Cook v. Clinton*, 64 Mich. 309. Teo was aware of the Mauga claim for more than 20 years.

In the case of *Talo v. Tavai*, No. 14-1938, this Court said:

"This Court has decided that the Statute of 21 James I, C. 16, passed by the English Parliament in 1623 limiting actions for the recovery of real property, subject to certain exceptions not here applicable, to twenty years is a part of the law of American Samoa. *Talo v. Poi*, No. 16-1937; *Leapaga v. Taumua L.*, No. 8-1938. The result of adverse possession for twenty years is to divest the true owner of his title and to vest it in the adverse possessor. *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 14 S.Ct. 458, 38 L.Ed. 279. '. . . in the United States and Canada the doctrine is almost universal that possession for the statutory period not only bars the remedy of the holder of the paper title but also extinguishes his title and vests title in fee in the adverse occupant.' 2 C.J. 251 citing in support thereof a multitude of cases from numerous federal and state courts. Referring to the interpretation of similar statutes in the various states limiting actions for the recovery of real property, Tiffany in his work on Real Property at pp. 997–8 says: 'They have, however, with but few, if any, exceptions, been construed as operating to transfer the title to the wrongful possessor, enabling him to assert his ownership in an action of ejectment, or otherwise against the whole world, including the original owner, and as rendering nec-

essary a legal conveyance in order to revest ownership in the latter, after the lapse of the statutory period.' This interpretation of the effect of the operation of the Statute of 21 James I, C. 16 has heretofore been approved by this Court, *Talo v. Poi*, No. 16-1937."

 In view of the law and the evidence it is clear that if Vaipito ever was Teo property (and we have grave doubt that it ever was) the Teo has long since lost his title through adverse possession for 20 years. The period of adverse possession by Mauga Moimoi could, if necessary, be tacked to that of Sami and Faafau to make up the 20 years. II Tiffany on Real Property (2nd ed.) Sec. 508. We think that when Mauga Moimoi first began to use the land in 1904 or 1906, whichever it was, it was bushland owned by no one, and that Mauga acquired title to it under Samoan customs by openly occupying and using it, such occupation and use being accompanied by claim of ownership. The conduct of the Teo, as he testified, in never going on the land to get things without permission of Mauga was an implied admission by Teo that the land was not his. A man does not ask another for permission to go on his own land. It is obvious to the Court that Vaipito is not Teo property and should not be registered as such.

The next question that arises is whether Mauga Moimoi, who had possession of the land and made use of it for about 20 years prior to November, 1926 (when Sami and Faafeu claim they were given the property by oral will of Mauga Moimoi) claimed to own it as an individual or as property of the Mauga title.

Pulu, who is 70 years of age, a matai in the Mauga family and familiar with its affairs and lands for many years, testified that Vaipito was the individual property of Mauga Moimoi. After a court recess he changed his testimony but we think he was right the first time. Mauga Moimoi stated that the land was his own individual property on various occasions. He willed it to Sami and Faafeu on a

number of occasions. He told people after willing it that it was Sami and Faafeu's land.

■ We think that the evidence clearly preponderates in favor of the view that Mauga Moimoi claimed Vaipito as his own individual property before he willed it to Sami and Faafeu, and that he had possession of it for approximately 20 years before he made the first will in November 1926. Having so claimed and possessed it, we conclude that it is not the communal land of the Mauga title and should not be registered as such. It was Mauga Moimoi's individual property.

■ Objector Tago is from Manua. He came to Tutuila about 1925. He is not a member of the Mauga family. Shortly after Tago came to Tutuila Mauga Moimoi gave him permission to use part of the land Vaipito. Pursuant to this permission Tago has occupied and used that part ever since, putting in various kinds of plantations including coconut and breadfruit. He has built three different houses on the land, his present house being of European style. He rendered service to Mauga Moimoi until the latter's death in 1935 and since then to Mauga Palepoi. The testimony of Tago himself clearly indicates that Mauga Moimoi did not give a part of Vaipito to him outright, but merely gave him permission, or a license, to use an acre or two of it. Tago in answer to the question "In other words Mauga Moimoi gave you permission to use his land in return for service over the years pursuant to Samoan custom, is that right?" replied "Yes."

■ The license given to Tago by Mauga Moimoi and continued by Sami and Faafeu by acquiescence and implication became irrevocable after he put in coconut and breadfruit plantations on Vaipito and built a European house on it. 37 Corpus Juris 292. This is not a case of putting in taro and banana plantations only. "A license being

a personal, non-assignable privilege ordinarily is terminated by the death of either the licensor or the licensee, unless, in the case of the death of the licensor, his heirs elect to continue it in force." 37 Corpus Juris 289. Tago's license will continue until his death unless sooner terminated by agreement or otherwise.

█ Sami and Faafeu are full-blooded Samoan women. Sami was adopted by Mauga Moimoi when she was a small child, the adoption being in accordance with Samoan customs. Mauga Moimoi was related by blood to Faafeu. When she was 15 years of age her father died and her mother went to Manua. She was then taken care of by Mauga Moimoi and his wife, who had no blood children of their own. Mauga Moimoi, as stated by Teo in his testimony, was "a good man, loyal and love to his family and also kind to people." He frequently expressed an intention to provide for Sami and Faafeu. It was natural that he should and he stated that Vaipito belonged to Sami and Faafeu. He willed and gave Vaipito to them on a number of occasions. While Vaipito was not communal land, but Mauga Moimoi's individually owned property as we hold, nevertheless he informed the family in contemplation of death, that he was giving Vaipito to Sami and Faafeu, and the family consented. Sami and Faafeu, being full-blooded Samoans, could take the property and we hold, in view of the evidence and the law, that they did.

Accordingly, it is ORDERED, ADJUDGED AND DECREED that Vaipito be registered as the individual property of Sami Mauga and Faafeu Mauga, subject to the license of Tago Loe to continue to occupy and use that part of Vaipito which he is now using and occupying, during the remainder of his natural life unless such license be sooner terminated by agreement or otherwise according to law.

Costs in the amount of $50.00 are hereby assessed against Mauga, S. P. and Teo, each to pay $25.00 within 30 days.